# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| RAYMOND C. YOUNG #1547972 | § | |
| | § | |
| V. | § | A-17-CA-628-SS |
| | § | |
| DAVID CRANE, MARGARET MOORE, | § | |
| AND SALLY HERNANDEZ | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE SAM SPARKS
          UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff's complaint and "Motion Seeking Injunction Relief." Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the the Travis County Correctional Complex. Plaintiff alleges he filed a state application for writ of habeas corpus in the 331st Judicial District Court of Travis County, Texas. Plaintiff complains Judge David Crane never responded to the application. He further complains the Travis County District Attorney's Office, managed by District Attorney Margaret Moore, "shuffled around" his application but never forwarded it to the Court of Criminal Appeals. He further complains Travis County Sheriff Sally Hernandez has held him in continued custody while violating his rights to due

process. Plaintiff requests the Court to order the defendants to make the "mandated payments as is required by law for ignoring a properly filed writ." Plaintiff seeks $50 per day for each day he was wrongly incarcerated.

In addition to his original complaint, Plaintiff has filed a "Motion Seeking Injunction Relief." Plaintiff indicates his action derives from Article 11.35 of the Texas Code of Criminal Procedure but notes his due process rights have also been violated. Plaintiff further states he is alleging a violation of the Federal Torts Claim Act, because the defendants are guilty of intentionally inflicting emotional distress, abusing due process, and falsely imprisoning him. Other than monetary relief, Plaintiff does not specify the injunctive relief he seeks.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Disobeying the Writ

Plaintiff contends the defendants have "disobeyed the writ" in violation of state law. Article 11.34 of the Texas Code of Criminal Procedure provides:

> When service has been made upon a person charged with the illegal custody of another, if he refuses to obey the writ and make the return required by law, or, if he refuses to receive the writ, or conceals himself, the court or judge issuing the writ shall issue a warrant directed to any officer or other suitable person wiling to execute the same, commanding him to arrest the person charged with the illegal custody or detention of another, and bring him before such court or judge. When such person has been arrested and brought before the court or judge, if he still refuses to return the writ, or does not produce the person in his custody, he shall be committed to jail and remain there until he is willing to obey the writ of habeas corpus, and until he pays all the costs of the proceeding.

Article 11.35 provides for a further penalty for disobeying the writ. That article provides:

> Any person disobeying the writ of habeas corpus shall also be liable to a civil action at the suit of the party detained, and shall pay in such suit fifty dollars for each day of illegal detention and restraint, after service of the writ. It shall be deemed that a person has disobeyed the writ who detains a prisoner a longer time than three days after service thereof, unless where further time is allowed in the writ for making the return thereto.

Plaintiff seeks $50 per day for his alleged illegal detention pursuant to Article 11.35. However, Plaintiff misunderstands the law. Although Plaintiff has filed an application for a writ in state court, no court has issued a writ of habeas corpus. Rather, Plaintiff's application is currently pending. Therefore, no writ has been disobeyed.

C.  Federal Tort Claims Act

In his "Motion Seeking Injunction Relief" Plaintiff alleges his complaint is also based on the Federal Tort Claims Act ("FTCA"). Plaintiff once again misunderstands the law.

The FTCA is a limited waiver of the United States's sovereign immunity allowing "civil actions for damages against the United States for personal injury or death caused by the negligence

3

of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008). Under the FTCA, "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). Plaintiff has not named the United States of America as a defendant. The defendants he does name are not proper defendants under the FTCA.

    D.    Judicial Immunity

Plaintiff's claims against Travis County Judge David Crane alleging a constitutional violation are barred by judicial immunity. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction. Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. Mireless v. Waco, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. See Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. Mireless, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (quoting Mireless, 502

4

U.S. at 12). In the case at bar, Plaintiff does not complain of any actions taken by Judge Crane that were nonjudicial in nature nor does he show that he was acting in the clear absence of all jurisdiction. Accordingly, Judge Crane is protected by absolute immunity.

      E.      <u>Prosecutorial Immunity</u>

Plaintiff's claims against District Attorney Moore alleging a constitutional violation are barred by prosecutorial immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993); <u>Burns v. Reed</u>, 500 U.S. 478, 487-92 (1991); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." <u>Boyd v. Biggers</u>, 31 F.3d 279, 285 (5th Cir. 1994) (quoting <u>Buckley v. Fitzsimmons</u> 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. <u>Boyd</u>, 31 F.3d at 285; <u>Graves v. Hampton</u>, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. <u>Brummett v. Camble</u>, 946 F.2d 1178, 1181 (5th Cir. 1991), <u>cert</u>. <u>denied</u>, 504 U.S. 965 (1992); <u>Rykers v. Alford</u>, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected. In <u>Imbler</u>, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in

5

presenting the State's case." Imbler, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In Imbler, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in Burns, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. Burns, 500 U.S. at 493.

In the case at hand, Plaintiff challenges actions or inactions taken by the prosecuting attorney during Plaintiff's criminal proceedings which are clearly protected by prosecutorial immunity. In this action Plaintiff does not allege any actions taken by the defendant that were outside the course and scope of representing the District Attorney's Office in Plaintiff's criminal proceedings. Therefore, District Attorney Moore is protected by absolute immunity.

F.   Heck v. Humphrey

Plaintiff's remaining claims seeking monetary damages for his alleged illegal confinement must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his imprisonment has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite.

    G.    <u>Habeas Claims</u>

Plaintiff does not make clear whether he is seeking his immediate release in addition to monetary damages. To the extent Plaintiff seeks his immediate release, he must seek such relief in an application for habeas corpus relief. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-490 (1973). The Court should decline to construe this action as a request for habeas corpus relief, because Plaintiff admittedly has not exhausted his state court remedies.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e) and his Motion for Injunction Relief be denied.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 16th day of August, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE